IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,035




EX PARTE ROY GENE SMITH




ON APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS
IN CAUSE NO. 512673-B IN THE 208TH JUDICIAL
DISTRICT COURT OF HARRIS COUNTY




           Per curiam. 


O R D E R

           This is a subsequent post conviction application for writ of habeas corpus filed
pursuant to the provisions of Article 11.071, Section 5, of the Texas Code of Criminal
Procedure.
           In May 1990, a Harris County jury convicted applicant of the offense of capital
murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071 in favor of the State, and the trial court, accordingly, set applicant’s
punishment at death. This Court affirmed applicant’s conviction and sentence on direct
appeal. Smith v. State, No. 71,099 (Tex. Crim. App. Feb. 24, 1993) (not designated for
publication). 
           On April 18, 1997, applicant filed his initial post-conviction application for writ of
habeas corpus in the convicting court. This Court subsequently denied Applicant relief. Ex
parte Smith, No. WR-42,801-01 (Tex. Crim. App. Sep. 29, 1999) (not designated for
publication). Applicant also unsuccessfully challenged his death sentence in a federal habeas
petition. Smith v. Quarterman, 515 F.3d 392 (5th Cir. 2008). There was no petition for a
writ of certiorari from this decision.
           Applicant’s second subsequent writ application was received in this Court on
September 2, 2008. After reviewing the case, we file and set and order the parties to brief
the following issues:
 
(1)May this Court consider the merits of applicant’s subsequent application for
a post-conviction writ of habeas corpus under Article 11.071 §5(a)(1) of the Texas
Code of Criminal Procedure?
 
(2)Assuming that this Court may consider the merits of applicant’s subsequent
application for a post-conviction writ of habeas corpus, is applicant entitled to the
relief he seeks, that is, a new punishment hearing? 
 
(3)Assuming that this Court may consider the merits of applicant’s subsequent
application for a post-conviction writ of habeas corpus and assuming that he is
entitled to the relief he seeks, does the opinion of the United States Court of Appeals
for the Fifth Circuit in Smith v. Quarterman, 515 F.3d 392 (5th Cir. 2008), affect this
Court’s review of applicant’s application or otherwise bar the granting of the relief
he seeks?


           The parties are ordered to brief any relevant procedural aspects as well as the merits
of these issues. The parties’ initial briefs shall be filed with this Court within 90 days of the
date of this order. Each party may also file a reply brief addressing any matter in the other
party’s initial brief, and any such reply brief shall be filed with this Court no later than 120
days after the date of this order.
           IT IS SO ORDERED THIS THE 5TH DAY OF NOVEMBER, 2008.
 
Do Not Publish